UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARIZONA HALL, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:16 CV 1739 CDP |
| ) | |
| JOSHUA D. HAWLEY, ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM AND ORDER**

Respondent moves to dismiss this case in part because he argues that petitioner previously filed a petition for writ of habeas corpus challenging his 2013 convictions for assault and unlawful possession of a firearm, which was denied as untimely in *Hall v. Koster*, 4:16CV1528 AGF (E.D. Mo. Dec. 22, 2016). [Doc. # 14). Respondent's motion to dismiss will be denied as the Eighth Circuit Court of Appeals reversed the dismissal of petitioner's habeas petition in that case on June 19, 2017. [Doc. # 25]. The mandate issued on July 10, 2017. [Doc. # 27].

Moreover, respondent is mistaken that the conviction at issue in Case Number 4:16CV1528 AGF is the same conviction being challenged in the instant case. While it is true that, at one time petitioner did attempt to challenge both convictions in Case Number 4:16CV1528 AGF, petitioner was instructed by the Court on October 18, 2016, that he may only challenge one judgment in a habeas petition and was therefore instructed to file an amended petition in case 4:16CV1528 AGF addressing only one of his cases and to file a separate petition (i.e., the instant case), to challenge the second judgment. [Doc. #5]. Petitioner complied with that Memorandum and Order by amending his petition in

4:16CV1528 AGF to challenge his domestic assault conviction. [Doc. #6]. He then filed the instant petition to challenge his judgment for unlawful possession of a firearm. Case Number 4:16CV1739 CDP. [Doc. #1]. Therefore, this case is not a successive habeas petition as erroneously argued by respondent, nor did the Court conclude in Case Number 4:16CV1528 AGF that petitioner's habeas petition challenging his conviction for unlawful possession of a firearm was untimely filed.

The only conviction being challenged in this case is petitioner's 2013 judgment in Criminal Case number 1022-CR-049750-01 for unlawful possession of a firearm. However, because petitioner's petition does include references to his conviction for domestic assault (which is at issue in Case Number 4:16CV1528 AGF), I will direct petitioner to file an amended habeas petition addressing only his conviction for unlawful possession of a firearm. Petitioner shall delete any references in his amended petition to his domestic assault conviction. I will then require respondent to show cause why the relief requested in petitioner's amended habeas petition should not be granted. That Order will require respondent to file a substantive response to the merits of the petition in addition to raising any arguments relating to timeliness.

Petitioner's pending motions are meritless and will be denied. Petitioner can request an evidentiary hearing if he so chooses upon the filing of his amended habeas petition.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to send petitioner a § 2254 form.

**IT IS FURTHER ORDERED** that petitioner must fill out the § 2254 form in compliance with this Memorandum and Order and return it to the Court within twenty-one (21) days of the date of this Order.

**IT IS FURTHER ORDERED** that respondent's motion to dismiss [12] is denied.

**IT IS FURTHER ORDERED** that petitioner's motions to update case caption [11], motion for evidentiary hearing or in the alternative motion for judgment on the pleadings [14], motion for judicial notice [15], and second motion for judgment on the pleadings [16] are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of August, 2017.