UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ARIZONA HALL, JR., | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:16 CV 1739 CDP |
|  | ) |  |
| JOSHUA D. HAWLEY, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## **MEMORANDUM AND ORDER**

Petitioner is a parolee from the Missouri Department of Corrections. In 2013, petitioner was convicted in state court of four counts of unlawful possession of a firearm. (St. Louis City Circuit Court Criminal Case number 1022-CR-049750-01). Petitioner was originally sentenced as a prior and persistent offender, but on direct appeal the Missouri Court of Appeals reversed the sentence as improperly enhanced for the State's failure to allege prior and persistent status in the indictment. On remand, the state court sentenced petitioner to seven years' imprisonment on each count.

In his amended petition for writ of habeas corpus under 28 U.S.C. § 2254, petitioner raises the following four grounds for relief:

1) the original indictment in his case was defective for failure to allege the essential element of enhancement of punishment and the court therefore did not acquire jurisdiction;

2) his conviction violates the Fifth Amendment's Grand Jury Clause because the State failed to allege his prior and persistent offender status in the

indictment;

3) he received ineffective assistance of trial counsel because his attorney encouraged him to plead guilty to the unlawful possession of firearm charges in exchange for a ten-year sentence even though that sentence was based on an improper sentencing enhancement; and

4) his conviction violates his Second Amendment right to bear arms because the State restored his civil rights, allowing him to legally own firearms.

Petitioner is not entitled to relief on any grounds raised in his § 2254 petition for the reasons set out below.

## Factual Background

On direct appeal, the Missouri Court of Appeals summarized the evidence adduced at trial as follows:

> On September 17, 2010, Officers Justin Ries and Marcus Alston drove to Defendant's house to execute a warrant for Defendant's arrest. Defendant answered the door, but he refused to step outside the door or allow the officers to enter. Defendant's guest allowed the officers entry to the house and, while they were searching for Defendant, the officers discovered two twelve-gauge shotguns, a 22-caliber rifle, and a 243-caliber rifle.
> The State of Missouri charged Movant with four counts of unlawful possession of a firearm. The indictment alleged that, in November 1987, Defendant "was convicted of the felony of Assault in the 1st degree and Armed Criminal Action" . . . . The trial court . . . found Defendant guilty of all four counts . . . .

[Doc. # 29-5].

## Standard of Review

Under the Antiterrorism and Effective Death Penalty Act, federal habeas

relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Williams–Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990).

"'Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules.'" *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoting *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988)). If the petitioner failed to properly present the claim in state court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 10–11 (2012).

Where the state court adjudicated a claim on the merits, federal habeas relief can be granted on the claim only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,"

3

28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see Williams v. Taylor*, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. *Id.* at 380–83.

"A state court's decision is 'contrary to' clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts." *Carter v. Kemna*, 255 F.3d 589, 591 (8th Cir. 2001) (citing *Williams,* 529 U.S. at 412–13). "A federal court may grant relief under the 'unreasonable application' clause if the state court correctly identified the governing legal principle, but unreasonably applied it to the facts of the particular case." *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). "A state court's application of clearly established federal law must be objectively unreasonable, and not merely incorrect, to warrant the granting of a writ of habeas corpus." *Jackson*, 651 F.3d at 925 (citing *Bell*, 535 U.S. at 694).

Finally, when reviewing whether a state court decision involves an

"unreasonable determination of the facts" in light of the evidence presented in the state court proceedings, state court findings of basic, primary, or historical facts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007). "[E]ven erroneous fact-finding by the [state] courts will not justify granting a writ if those courts erred 'reasonably.'" *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

The federal court is "bound by the AEDPA to exercise only limited and deferential review of underlying State court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). To obtain habeas relief from a federal court, the petitioner must show that the challenged state court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)). This standard is difficult to meet. *Metrish*, 569 U.S. at 357-58.

**Discussion**

In Ground 1 of his habeas petition, petitioner alleges that he was convicted and sentenced based on an insufficient indictment because the State failed to allege that he was a prior and persistent offender. To the extent petitioner challenges his

5

enhanced sentence based upon the sufficiency of the indictment, he is not entitled to habeas relief because the Missouri Court of Appeals already granted relief on this claim on direct appeal as follows:

> Where the State files an indictment that fails to charge a defendant a defendant as a persistent offender, the trial court may not enhance the sentence. *State v. Nesbitt*, 299 S.W.3d 26, 28 (Mo. Ct. App. 2009). Unlawful possession of a firearm is a class C felony. Mo. Rev. Stat. § 571.070.2. The authorized term of imprisonment for unlawful possession of a firearm is not to exceed seven years. Mo. Rev. Stat. § 558.011.1(3). Here, the trial court applied the persistent-offender enhancement and sentenced Defendant to concurrent terms of ten years' imprisonment. Because the trial court improperly sentenced Defendant to a greater term of imprisonment as a persistent offender, Defendant suffered a manifest injustice. *See e.g.*, *Nesbitt*, 299 S.W.3d at 29-30. We therefore reverse the judgment as to Defendant's sentence on all four counts and remand for sentencing by the trial court within the range of punishment for the class C felony of unlawful possession of a firearm, without the sentence enhancement for a persistent offender.

[Doc. # 29-5]. To the extent petitioner argues that the trial court did not have jurisdiction over him under state law, that claim is not cognizable in federal court. *See Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) ("The question of whether Missouri courts had jurisdiction to sentence [petitioner] was one solely of state law and is therefore not properly before this court."). To the extent petitioner challenges his conviction based upon the sufficiency of the indictment, the claim fails because petitioner does not allege that the indictment failed to put him on notice of the charges against him. Here, petitioner went to trial and presented evidence in his defense, and he never argued that he was surprised by the charges

6

against him. *See United States v. Beasley*, 688 F.3d 523, 532 (8th Cir. 2012) (courts "will not overturn a conviction for want of a bill of particulars unless the defendant suffered actual prejudice due to surprise at trial."); *Goodloe v. Parratt*, 605 F.2d 1041, 1046 (8th Cir. 1979) ("If a defendant is actually notified of the charge, due process notice requirements may be met, even if the information is deficient."). Ground 1 of petitioner's habeas petition is denied.

In Ground 2, petitioner claims that his conviction violates the Fifth Amendment's indictment clause, which states that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. Repeating the allegations from Ground 1, petitioner argues that because the State did not plead his prior and persistent status in the indictment, his Fifth Amendment right to grand jury indictment was violated. Petitioner's claim fails because the Fifth Amendment indictment clause does not apply to states. *Hurtado v. California,* 110 U.S. 516 (1884); *State v. Debler*, 856 S.W.2d 641, 655 (Mo. banc 1993) ("The Fifth Amendment requirement of an indictment in all criminal cases applies only to federal crimes, not state crimes."); *Cole v. Roper*, 579 F. Supp. 2d 1246, 1275 (E.D. Mo. 2008), *aff'd*, 623 F.3d 1183 (8th Cir. 2010). Because petitioner has no Fifth Amendment right to a grand jury indictment in state court, Ground 2 of his habeas

7

petition is denied.

In Ground 3, petitioner contends he received ineffective assistance of counsel because his attorney encouraged him to plead guilty in exchange for a ten year sentence even though that sentence was based on an improper sentencing enhancement.[1] This claim is procedurally defaulted as petitioner failed to raise it in state court. In Missouri, a Rule 29.15 motion for post-conviction relief is the "exclusive procedure" to raise claims of ineffective assistance of counsel. Mo. Sup. Ct. R. 29.15(a); Moore-El v. Luebbers, 446 F.3d 890, 896 (8th Cir. 2006) ("Missouri law requires that a habeas petitioner bring . . . a claim of ineffective assistance of counsel [] in a motion for post-conviction relief under Rule 29.15."). Petitioner did not file a Rule 29.15 motion and alleges no basis for avoiding the procedural default, so Ground 3 is denied as procedurally defaulted.

In Ground 4, petitioner argues that his conviction violates the Second Amendment because Missouri restored his right to legally own firearms. Petitioner argued to the Missouri Court of Appeals that his civil rights, including his right to legally own firearms, had been restored by the State because he received a notice of election. The appellate court rejected that claim as follows:

---

1. Hall did not plead guilty, but instead was convicted after a trial. Even if this claim were not procedurally barred, it would be denied because he cannot show prejudice from his counsel's alleged encouragement to plead guilty.

8

> Defendant failed to demonstrate that his 1987 conviction would qualify for the "civil rights restored" exemption of 18 U.S.C. § 921(a)(20). Defendant neither presented evidence that Missouri substantially restored his civil rights nor identified a statute that permitted him to possess firearms. Petitioner argued that his civil rights had been restored because he received a notice of election. Missouri automatically restores a convicted individual's right to vote upon his or her release from confinement. Mo. Rev. Stat. § 561.026(1). Restoration of the right to vote does not demonstrate that Missouri substantially restored Defendant's civil rights. *See*, *e.g.*, *Presley v. United States*, 851 F.2d 1052, 1053 (8th Cir. 1988).

[Doc. # 29-5]. The state court's determination that petitioner's civil right to legally possess firearms had not been restored under state law is entitled to deference. *See Williams*, 529 U.S. at 379. As such, Ground 4 of petitioner's habeas petition is denied.

Petitioner's motion for evidentiary hearing will be denied. Generally, an evidentiary hearing is within a habeas court's discretion, as limited by statutory restrictions set forth in the AEDPA. *See Schriro v. Landrigan*, 550 U.S. 465, 473–75 (2007); 28 U.S.C. § 2254(e)(2). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro*, 550 U.S. at 474. In addition, a federal habeas court must take into account "the deferential standards" under the AEDPA that "control whether to grant habeas relief." *Id.* A habeas court need not hold an evidentiary hearing "if the record refutes the applicant's factual allegations or

9

otherwise precludes habeas relief." *Id.* (internal quotation marks and citation omitted). As petitioner's claims are conclusively refuted by the record, the Court denies petitioner's request for an evidentiary hearing. *See Crawford v. Norris*, 363 Fed. Appx. 428, at *2 (8th Cir. 2010) ("If the factual allegations a petitioner seeks to prove would not entitled him to relief under the relevant standard, then an evidentiary hearing is not required.").

Petitioner's motion to expand the record to include information about Case Number 4:16CV1528 AGF is denied. As previously explained, that case challenges a separate conviction and is unrelated to the present action. [Doc. # 17].

As petitioner has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition and amended petition for writ of habeas corpus under 28 U.S.C. § 225455 [1, 18] are denied.

**IT IS FURTHER ORDERED** that petitioner's motion for evidentiary hearing [28] is denied.

**IT IS FURTHER ORDERED** that petitioner's "objection to the Court granting respondent's motion for extension of time and Order on October 18, 2016 and motion to expand the record" [24] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as petitioner has not made a substantial showing of the denial of a federal constitutional right.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of May, 2018.